LASSER HOCHMAN, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

WOODCLIFF, INC.,

       Plaintiff,

   - v -

JERSEY CONSTRUCTION, INC.,
STANBERY HAMILTON, LLC;
STANBERY DEVELOPMENT, LLC; and
NEW JERSEY DEPARTMENT OF
TRANSPORTATION,

           Defendants.

and

NEW JERSEY DEPARTMENT OF
TRANSPORTATION,

     Third-Party Plaintiffs,

   - v -

STANBERY HAMILTON, LLC;
STANBERY DEVELOPMENT, LLC;
and TRAVELER'S CASUALTY AND
SURETY COMPANY,

     Third-Party Defendants.

Case No. 3:11-cv-04911-JAP-TJB

Civil Action

**AMENDED COMPLAINT**

     Plaintiff, Woodcliff, Inc., having an address at 200 Central Ave., Mountainside, New Jersey

07092, by way of Amended Complaint against defendants, says:

1.      Plaintiff Woodcliff, Inc. ("Woodcliff" or "plaintiff") brings this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA"), 42 U.S.C.A. §§ 9601 et seq. and the New Jersey Spill Compensation and Control Act ("Spill Act") N.J.S.A. 58:10-23.11 to N.J.S.A. 58:10-23.24 for recovery of costs, contribution and other damages and expenses relating to the investigation, cleanup and remediation of contaminated property in Hamilton, New Jersey.

## PARTIES

2.      Plaintiff Woodcliff is a New Jersey corporation with a business address at 200 Central Ave., Mountainside, New Jersey 07092.

3.      Defendant Jersey Construction, Inc. ("JCI"), is a New Jersey corporation with a business address at 838 Piney Hollow Road, Hammonton, New Jersey, 08037

4.      Defendant New Jersey Department of Transportation ("NJDOT") is an agency of the State of New Jersey.

5.      Defendant Stanbery Hamilton, LLC and Defendant Stanbery Development, LLC (collectively "Stanbery") are Ohio limited liability companies with a business address at 2807A Delmar Drive, Bexley, Ohio 43209.

6.      Defendant Stanbery Development, LLC is a managing member of Stanbery Hamilton, LLC.

## JURISDICTION

7.      This action involves application of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA"), 42 U.S.C.A. §§ 9601 et seq.  This court has

jurisdiction pursuant to 42 U.S.C.A. § 9613(b) (CERCLA grant of jurisdiction) and 42 U.S.C.A. § 1367(b) (supplemental jurisdiction).

**VENUE**

8.     Venue of this action is proper in the United States District Court for the District of New Jersey by virtue of 42 U.S.C.A. § 9613(b) and 28 U.S.C.A. § 1391(b).

**FACTUAL BACKGROUND COMMON TO ALL COUNTS**

9.     At all relevant times herein, Plaintiff Woodcliff was the owner and developer of the residential development known as Woodcliff Estates at Hamilton ("Woodcliff Estates"), located at Block 2739, Lots 87.02, 87.03, 87.04, 87.05, 87.07, 87.08, 87.09, 87.10, 87.12, 87.13, 87.14, 87.15, 87.16, 87.17, 87.18, 87.19, 87.20, 87.21, 87.22, 87.23, 87.24, 87.25, 87.26, 87.27, 87.28, 87.29 and 87.30, and Block 2739, Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 on the tax map of the Township of Hamilton, New Jersey.

10.     In or about April 2009, defendant JCI performed road construction for defendants NJDOT and Stanbery at the intersection of Route 130 and Crosswicks-Hamilton Square Road in Hamilton Township, New Jersey.

11.     On information and belief, the former owners and/or tenants of the area in and around the intersection of Route 130 and Crosswicks-Hamilton Square Road in Hamilton Township, New Jersey operated the property as an apple orchard and used pesticides containing hazardous substances including, but not limited to, arsenic, which was discharged on the property.

12.     On information and belief, as part of the construction which defendant JCI was contracted to perform for defendant sNJDOT and Stanbery, JCI removed approximately 8,000 cubic

yards of soil ("Soil") from the area in and around the intersection of Route 130 and Crosswicks-Hamilton Square Road in Hamilton Township, New Jersey.

13.   The Soil was contaminated with impermissible levels of the hazardous substance arsenic.

14.   In or about April 2009, JCI offered to make the Soil available to Woodcliff for use in connection with Woodcliff's ongoing development activities.  JCI, NJDOT and Stanbery did not disclose that the Soil was contaminated.

15.   Because Woodcliff had no knowledge that the Soil was contaminated, it accepted JCI's offer.  As a result, in or about April 2009, JCI deposited the 8,000 cubic yards of Soil into two piles located at Block 2739, Lots 87.15 and 87.16 in Woodcliff Estates.

16.   In or around the spring or summer of 2010, plaintiff Woodcliff discovered that the Soil was contaminated with arsenic.

17.   Upon learning of the contamination, plaintiff Woodcliff took active steps to mitigate and abate the contamination, including actions to minimize the risk to human health, public safety, and the environment.  Such steps included, but were not limited to, removing the two piles of the Soil from Block 2739, Lots 87.15 and 87.16 and consolidating the Soil into one pile at Block 2739, Lot 87.06 at a significant cost and expense.

18.   Plaintiff Woodcliff has incurred costs related to the delineation, characterization and remediation of the contamination originating with the Soil, and plaintiff Woodcliff anticipates incurring significantly greater costs in order to complete these tasks.

19.   Plaintiff Woodcliff has incurred damages in that it has been unable to sell the lot

upon which the Soil is located.

20.    Plaintiff Woodcliff has incurred damages in that Woodcliff Estates now suffers from the environmental stigma of contamination and homes and properties in the development are now less marketable and have suffered a diminution in value due to the location of the Soil within the development.

21.    Plaintiff has demanded that JCI remediate the condition by removing the contaminated Soil.  Notwithstanding such demand, JCI has failed and refused to remove the Soil.

## FIRST COUNT

22.    Plaintiff repeats the allegations contained in Paragraphs 1 through 21 above as if fully set forth at length herein.

23.    Arsenic is a "hazardous substance" within the meaning of 42 U.S.C.A. § 9601(14).

24.    Because of the hazardous substance dumped at Woodcliff Estates by defendant JCI as a contractor for defendant Stanbery, plaintiff has in the past incurred, now is incurring and will incur in the immediate future, substantial costs in taking actions to remove the contaminated Soil, clean effected lots and clean surrounding soil. Such actions constitute a response "consistent with the national contingency plan" within the meaning of 42 U.S.C.A. § 9607(a); and such costs constitute "necessary costs of response" within the meaning of that section.

25.    Pursuant to 42 U.S.C.A. § 9607(a), defendants are strictly liable to plaintiff for the costs described in Paragraph 24.

26.    An actual, substantial, legal controversy now exists between plaintiff and defendants JCI and Stanbery, and plaintiff seeks a judicial declaration of its rights and legal

relations with defendants JCI and Stanbery pursuant to 28 U.S.C.A. § 2201.  Plaintiff contends that defendants JCI and Stanbery are strictly liable under CERCLA and are obligated to reimburse plaintiff its past, current and future costs of response and damage under 42 U.S.C.A. § 9607(a).  Plaintiff is informed and believes, and based on such information and belief alleges, that defendants JCI and Stanbery contend that they are not obligated to reimburse plaintiff for such costs and damages.

27.    A declaratory judgment is appropriate for numerous reasons, including the following: (a) a declaratory judgment will obviate the need for multiple lawsuits as the plaintiff incurs costs in making its response in the future, thereby providing a complete solution of the differences between the parties; (b) a declaratory judgment will provide assurances that plaintiff will be reimbursed so that it will be able to make a proper response; (c) a declaratory judgment will delineate the scope of the proper response so that plaintiff will be able to make one without further controversy over its appropriateness; and (d) the public interest will be served in that a declaratory judgment will render plaintiff more able to make the proper environmental response.

WHEREFORE, plaintiff demands judgment against defendants JCI and Stanbery on the First Count declaring that defendants JCI and Stanbery are obligated to plaintiff for any costs of response or damages resulting from JCI's and Stanbery's release of hazardous substances at Woodcliff Estates.

## SECOND COUNT

28.    Plaintiff repeats the allegations contained in Paragraphs 1 through 27 above as if fully set forth at length herein.

29.    To date, plaintiff has paid costs of response and suffered damages within the meaning of 42 U.S.C.A. § 9607(a), for which it has not been reimbursed by defendants JCI and

Stanbery.  In addition, it has suffered a diminution in value of its property due to environmental stigma associated with contamination in an amount not yet ascertained.

WHEREFORE, plaintiff demands judgment against defendants JCI and Stanbery on the Second Count:

      A.      For compensatory damages;

      B.      For diminution in value of Woodcliff's property;

      C.      For interest and costs of suit, including reasonable attorneys' fees; and

      D.      For such other and further relief as the Court may deem just and proper.

## THIRD COUNT

30.      Plaintiffs repeat the allegations contained in Paragraphs 1 through 29 above as if fully set forth at length herein.

31.      New Jersey's Spill Act provides:

> Whenever one or more dischargers or persons cleans up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible for a discharged hazardous substance or other persons who are liable for the cost of the cleanup and removal of that discharge of a hazardous substance.

N.J.S.A. 58:10-23.11f(a)(2)(a).

32.      The Spill Act further provides: "In resolving contribution claims, a court may allocate the costs of cleanup and removal among liable parties using such equitable factors as the court determines are appropriate." N.J.S.A. 58:10-23.11f(a)(2)(a).

33.      Arsenic is a "hazardous substance" within the meaning of N.J.S.A. 58:10-23.11b.

34.      The release and/or disposal of the arsenic contaminated Soil at Woodcliff Estates

resulted in a "discharge" as that term is defined in the Spill Act at N.J.S.A. 58:10-23.11b.

35.     The defendants Stanbery, JCI and NJDOT are "dischargers" and/or persons responsible for the discharged hazardous substance pursuant to N.J.S.A. 58:10-23.11f(a)(2)(a) of the Spill Act.

36.     The defendants Stanbery, JCI and NJDOT as "dischargers" and/or persons responsible for the discharged hazardous substance are strictly, jointly and severally liable pursuant to the Spill Act for the discharge of the contaminated Soil at Woodcliff Estates and for any hazardous substances that have migrated from the contaminated Soil off-site.

37.     Plaintiff Woodcliff has incurred and continues to incur costs and expenses associated with the investigation, cleanup and remediation of the contaminated Soil.

38.     In accordance with N.J.S.A. 58:10-23.11f, plaintiff Woodcliff is entitled to contribution from defendants Stanbery, JCI and NJDOT for the cleanup and removal costs already incurred as well as for those that will be incurred as a result of the discharge of hazardous substances at or emanating from the contaminated Soil.

WHEREFORE, plaintiff demands judgment against defendants Stanbery, JCI and NJDOT on the Third Count:

A.     For all of Woodcliff's past, present and future costs and expenses related to the investigation, cleanup and remediation of the contamination at or emanating from the Soil;

B.     Declaring that defendants owe Woodcliff 100% indemnity for any and all sums which it has already incurred or will incur in the future related to the investigation, cleanup and remediation, including interest, attorneys' fees, and costs of suit, pursuant to section N.J.S.A. 58:10-23.11f of the Spill Act; and

C.     Declaring that the defendants are obligated to take over responsibility for any further investigation, cleanup and remediation of the contamination at or emanating from the Soil;

D.      For such other and further relief as the Court may deem just and proper.

## FOURTH COUNT

39.     Plaintiff repeats the allegations contained in Paragraphs 1 through 38 above as if fully set forth at length herein.

40.     The defendants' dumping of arsenic contaminated Soil at Woodcliff Estates has caused the contamination of Woodcliff's property.

41.     At no time did plaintiff Woodcliff consent to the presence of contamination at Woodcliff Estates.  Such contamination is therefore an unlawful entry onto plaintiff Woodcliff's property.

42.     By discharging hazardous substances at Woodcliff Estates, the defendants Stanbery and JCI have trespassed on plaintiff Woodcliff's property.  As long as the contamination persists, the defendants' trespass continues.

43.     As a direct and proximate result of defendants' trespass, the plaintiff Woodcliff has been injured.  Plaintiff Woodcliff's injuries include costs incurred to investigate, cleanup and remediate its property, along with a diminution in value of its property due to environmental stigma associated with contamination in an amount not yet ascertained.

WHEREFORE, plaintiff demands judgment against defendants Stanbery and JCI on the Fourth Count:

A.      For all of Woodcliff's past, present and future costs and expenses related to the investigation, cleanup and remediation of the contamination at or emanating from the Soil;

B.      For diminution in value of Woodcliff's property;

C.      For interest and costs of suit, including reasonable attorneys' fees; and

D.      For such other and further relief as the Court may deem just and proper.

## FIFTH COUNT

44.   Plaintiff repeats the allegations contained in Paragraphs 1 through 43 above as if fully set forth at length herein.

45.   In or about April 2009, defendant JCI represented to plaintiff Woodcliff that it had Soil available as a result of the construction activities which it had been engaged to perform for defendants Stanbery and NJDOT, and offered to provide that Soil to plaintiff Woodcliff. JCI further represented that it was willing to make the Soil available free of cost to Woodcliff in order to avoid incurring disposal costs.

46.   Woodcliff was in a position to utilize the Soil in connection with its ongoing development and, therefore, accepted the offer.

47.   On information and belief, JCI was aware, or should have been aware, that the Soil was contaminated with arsenic, but failed to disclose the fact of such contamination to Woodcliff.

48.   JCI's representation that the Soil was suitable for Woodcliff's development activities was therefore false, and was known by JCI to be false when made.

49.   On information and belief, JCI deliberately withheld the information that the Soil was contaminated from Woodcliff in order to induce it to allow the Soil to be deposited on its property.

50.   JCI had a duty and obligation to disclose that the Soil was contaminated, and its failure to make such disclosure was a fraudulent omission.

51.    Woodcliff had no knowledge that the Soil was contaminated and reasonably relied upon the representations of JCI and JCI's failure to advise plaintiff of the contamination, in agreeing to allow the Soil to be deposited on its property.

52.    As a result of such reasonable reliance upon such false representations and omissions of defendant JCI, plaintiff has suffered, and continues to suffer, damage.

WHEREFORE, plaintiff demands judgment against defendant JCI on the Fifth Count:

A.  For compensatory damages;

B.  For punitive damages;

C.  For interest and costs of suit, including reasonable attorneys' fees; and

D.  For such other relief as the Court deems just and proper.


                                        LASSER HOCHMAN, L.L.C.
                                        Attorneys for Plaintiff
                                        Woodcliff, Inc.

                                        By:_____/s/ Ryan M. Buehler_____
Dated: July 10, 2013                         RYAN M. BUEHLER



P:\Docs\SEC\RyanB\Woodcliff v Jersey Construction\Amended Complaint.wpd